## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## EASTERN NATURAL GAS COMPANY, Respondent.

No. 00–1771.

United States Court of Appeals, Sixth Circuit.

Oct. 18, 2001.

Before KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.

PER CURIAM.

Petitioner, the National Labor Relations Board (the "Board"), appeals to this Court seeking enforcement of the Board's order entered against Respondent, Eastern Natural Gas. Because there is substantial evidence to support the Board's findings of fact that Respondent violated Sections 8(a)(5) and (1) of the National Labor Relations Act ("the Act"), 29 U.S.C. § 141 *et seq.* by refusing to bargain with the International Brotherhood of Electrical Workers, Local Union No. 573 ("the Union"), and because there are no errors of law in the decision, the Board's order is ENFORCED.

Respondent is an Ohio public utility engaged in the distribution of natural gas in

Northeastern, Ohio, with an office and place of business in Burghill, Ohio. Respondent is an employer engaged in commerce within the meaning of sections 2(2), (6), and (7) of the the Act. On September 3, 1999, the Union filed a petition with the Board seeking certification as the representative of Respondent's "FULL TIME AND REGULAR PART TIME SERVICE EMPLOYEES." The Board's Regional Director determined that a question of representation existed, and issued a notice of hearing.

A hearing was held on September 20, 1999, before Board Hearing Officer Terry Koozer. (J.A. at 3.) Counsel for the Union, Robert S. Moore, recognized that the Union's position was that the appropriate unit for purposes of collective bargaining consisted of Respondent's "full time and regular part-time service employees, excluding all office and clerical employees, professional employees, and supervisors as defined in the act[,]" thus comprising "some 11 employees in the appropriate unit." (J.A. at 9.) Counsel for Respondent, Ronald L. Mason, recognized that Respondent's position was that the appropriate unit for purposes of collective bargaining consisted of "all regular and part-time hourly paid employees excluding all professional employees, guards and supervisors as defined in the act[,]" thus comprising some 14 employees in the appropriate unit. (J.A. at 9.) In other words, Respondent claimed that the bargaining unit consisted of "all regular and part-time hourly paid employees. And to include two office clericals and one cleaning maintenance employee . . . for a total of 14." (J.A. at 10.) Hearing Officer Koozer then asked Respondent's counsel whether it also contended "that the three employees in difference have a community of interest with the main service employee unit?" (J.A. at 10.) And Respondent's counsel answered "correct." (J.A. at 10.)

At the hearing, Respondent stated that it had no witnesses, while the Union presented testimony from a single witness, that being Union organizer James J. Shader. Respondent's counsel moved to strike Shader's testimony as not based on personal knowledge, but rather based on hearsay. Hearing Officer Koozer denied Respondent's motion. No further offers of proof were made; however, Respondent's counsel moved that the petition be dismissed for lack of sufficient evidence to support a petition for representation election, inasmuch as there was insufficient evidence submitted as to the appropriateness of any unit. The hearing officer refused to dismiss the petition, noting that the Regional Director would make a decision.

On October 21, 1999, the Regional Director issued a decision regarding the composition of the bargaining unit:

5. The following employees of the Employer [Respondent] constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

*All full-time and regular part-time service employees employed by the Employer at its Burghill, Ohio facility, but excluding all office clerical employees, professional employees, guards and supervisors as defined in the Act.*

There are approximately 11 employees in the unit found appropriate herein.

. . .

The Petitioner [the Union] seeks a unit which includes only eleven service employees. Contrary to the Petitioner [the Union], the Employer [Respondent] asserts that the appropriate unit should include two clerical employees and a maintenance employee. . . . While the Employer [Respondent] contends the

clericals and maintenance employee should be included in the unit based on a community of interest analysis, it presented no evidence or witnesses in support of its position.

(J.A. at 38, footnote omitted.) However, the Regional Director was unwilling to rely on hearsay evidence to determine the community of interest which the three office personnel in question may not share with the service employees. As a result, the Regional Director allowed the clerical employees and the cleaning/maintenance employee (the three employees in question), to vote under challenge.

Respondent filed a timely request for a review of the Regional Director's decision, which was denied by the Board. Thereafter, on November 4, 1999, the Regional Director conducted a secret ballot election, the result of which indicated that six members of the unit voted in favor of the Union; five members voted against the Union; and three ballots remained challenged, for a total of fourteen members voting.

Thereafter, on November 8, 1999, the Regional Director sent a letter to each party's respective counsel requesting that they provide a statement as to their respective positions on the challenged ballots. In response to the Regional Director's request, the Union stated in a letter dated November 12, 1999 that its position was that the three ballots "should not be counted." (J.A. at 205.) In a letter dated November 16, 1999, Respondent stated that its position regarding the three challenged ballots was that the challenges to the 3 challenged ballots should be sustained. (J.A. at 207.)

After receiving the party's respective responses, as indicated, above, the Regional Director issued an order on November 18, 1999, "sustaining challenges and certifica-tion of representative." (J.A. at 100.) The Regional Director opined:

The ballots of Pat Reinhardt, Jill Baer and Crystal Swym were all challenged by the Petitioner on the basis that they should not be included in the unit of eligible voters. During the investigation the Petitioner's attorney submitted a position statement contending the three above-named individuals do not share a community of interest with the unit employees. Subsequently, the Employer, by its attorney, submitted a written statement in which it agreed that the 3 challenges should be sustained. On the basis of said statements, the parties are now in agreement that the 3 above-named individuals are ineligible to vote and that their ballots should not be counted. Since there is no contrary evidence, I shall accept the agreement of the parties.

On the basis of the foregoing, I find the 3 challenges are sustained. Therefore an amended Tally of Ballots indicating that of 11 eligible voters, 11 cast ballots of which 6 were cast for 5 against the Petitioner, and there are no challenged ballots remaining, is attached hereto.

(J.A. at 100–01.)

Accordingly, the parties being in agreement as to the number of votes to be counted (6 in favor of the Union, and 5 against the Union), the Regional Director certified the Union as the exclusive collective-bargaining representative of the full-time and regular part-time service employees employed at the Company's Burghill, Ohio facility.

Following the Regional Director's order, the Union requested, by letter dated November 30, 1999, that Respondent bargain with it and provide certain information. (J.A. at 214–17.) The letter began by stating that "[i]n preparation for negotiations

we are requesting that you provide us with the name, address, telephone and fax numbers of the Company's [Respondent's] representative we are to correspond with." (J.A. at 216.) Respondent's counsel responded to this request by letter dated December 7, 1999, that "[i]n the future, please direct all correspondence to me." (J.A. at 218.) The letter provided no other information in response to the Union's request made November 30, 1999.

The Union filed an unfair labor practice charge against Respondent, and the General Counsel thereafter issued a complaint against Respondent alleging that Respondent violated Sections 8(a)(5) and (1) of the Act by failing and refusing to recognize and bargain with the Union. Respondent answered the complaint by claiming that the Regional Director's decision was based solely on hearsay evidence, while denying that it had committed any unfair labor practice. Thereafter, on February 11, 2000, the General Counsel filed a motion for summary judgment; the Board issued an order transferring the proceeding to itself; and the Board then issued a notice to show cause why the General Counsel's motion should not be granted. In its response, Respondent claimed that the Union's November 30, 1999 letter was not a "demand for recognition," but "a vague letter of correspondence from the union." (J.A. at 221.) Respondent therefore concluded that "without more evidence, this case is not ripe for a decision on the basis of summary judgment." (J.A. at 221.) Respondent also reiterated its contention that the Regional Director's decision was based solely on hearsay evidence.

The Board issued a decision on March 20, 2000, granting the General Counsel's motion for summary judgment, while concluding that all issues pertaining to the validity of the Union's certification were, or could have been, litigated in the representation case proceeding, and thus could not be relitigated in the unfair labor practice proceeding. Specifically, the Board opined:

All representation issued raised by Respondent were or could have been litigated in the prior representative proceeding. The Respondent does not offer to adduce at a hearing any newly discovered and previously unavailable evidence, nor does it allege any special circumstances that would require the Board to reexamine the decision made in the representation proceeding. We therefore find that the Respondent has not raised any representation issue that is properly litigable in this unfair labor practice proceeding. Accordingly, we grant the Motion for Summary Judgment.

(J.A. at 226, citation and footnote omitted.) The Board therefore found that Respondent violated Sections 8(a)(5) and (1) of the Act by failing and refusing to recognize and bargain with the Union Specifically, the Board opined:

All representation issued raised by Respondent were or could have been litigated in the prior representative proceeding. The Respondent does not offer to adduce at a hearing any newly discovered and previously unavailable evidence, nor does it allege any special circumstances that would require the Board to reexamine the decision made in the representation proceeding. We therefore find that the Respondent has not raised any representation issue that is properly litigable in this unfair labor practice proceeding. Accordingly, we grant the Motion for Summary Judgment.

(J.A. at 226, citation and footnote omitted.) The Board therefore found that Respondent violated Sections 8(a)(5) and (1) of the Act by failing and refusing to recognize and bargain with the Union as the exclusive collective bargaining representative of

its service employees. Accordingly, the Board therefore ordered Respondent "to cease and deist, to bargain on request with the Union and, if an understanding is reached, to embody the understanding in a signed agreement." It is from this order that Respondent now appeals.

After careful review and consideration of both parties' briefs, the record, the relevant case law, and the Board's order, we conclude that there is substantial evidence to support the Board's findings of fact that Respondent violated Sections 8(a)(5) and (1) of the Act by refusing to bargain with the Union, and because there are no errors of law in the decision, the Board's order is ENFORCED.